UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES JACKSON and MITZI JACKSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV00027 JCH |
| ) | |
| WIERSEMA CHARTER SERVICE, INC., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion of Defendant Wiersema Charter Service, Inc. to Dismiss Counts II, IV, and V of Plaintiffs' Complaint ("Motion") (Doc. No. 14). The matter is fully briefed and ready for disposition.

**BACKGROUND**

On January 8, 2008, Plaintiffs filed their Complaint against Defendant Wiersema Charter Service, Inc. ("Wiersema") for injuries sustained in a vehicular accident that occurred on March 24, 2006. (Complaint ("Compl."), Doc. No. 1, ¶ 20). Donald J. Koehler ("Koehler") was driving a commercial vehicle on behalf of defendant Wiersema Charter Service, Inc. when that vehicle crashed into Plaintiff's vehicle from behind. (Compl., ¶¶18, 20-21).[1] Plaintiffs filed a multiple count Complaint against Defendant alleging claims for negligence (Count I), negligent hiring, training, supervising and retaining (Count II), negligence per se (Count III), negligent entrustment (Count IV),

---

[1] Although two Plaintiffs bring this lawsuit, Plaintiffs' Complaint repeatedly refers to "Plaintiff." (Compl., ¶¶20-21, 26). The Complaint is not clear as to which of the two plaintiffs these allegations refer, although the context indicates that "Plaintiff" generally refers to James Jackson.

and "for aggravating circumstances (punitive damages)" (Count V). Plaintiff Mitzi Jackson also filed a claim for loss of consortium (Count VI).[2]

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### A.  Counts II and IV

Count II alleges a claim for negligent hiring, training, supervising and retaining ("negligent hiring"), and Count IV alleges a claim for negligent entrustment. Defendant alleges that these claims

---

[2]Count VI is improperly labeled as Count V.

should be dismissed because Defendant has admitted that its employee, Donald Koehler, was acting within the course and scope of his employment at the time of the accident. Defendant claims that, under Missouri law, "once an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." McHaffie v. Bunch, 891 S.W. 2d 822, 826 (Mo. 1995) (citations omitted). According to Defendant, because it has admitted *respondeat superior* liability, other claims for imputed liability, specifically Counts II and IV, must be dismissed.

Plaintiffs argue that Missouri law is not as clear-cut as Defendant portrays. In addition to the language quoted by Defendant, McHaffie provides that "it may be possible that an employer or entrustor may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an entrustee or employee. In addition, it is also possible that an employee or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee." McHaffie, 891 S.W.2d at 826. Endorsing McHaffie, a court in this district has noted that "[a]n employer may be liable for negligent hiring or negligent retention of an employee where the employer knew or should have known of the employee's dangerous proclivities and the employer's negligence was the proximate cause of the plaintiffs['] injury." Miller v. Crete Carrier Corp., No. 4:02-CV-797, 2003 U.S. Dist. LEXIS 27651, at *10 (E.D. Mo. Aug. 7, 2003) (citing Gaines v. Monsanto, 655 S.W.2d 568, 570 (Mo. Ct. App. 1983)). "Negligent hiring or retention liability is independent of *respondeat superior* liability for negligent acts of an employee acting within the scope of his employment." Gaines, 655 S.W.2d at 570. Plaintiffs argue that the holding in McHaffie does not require dismissal of Counts II and IV because those counts allege claims for punitive damages based upon the Defendant's own negligent conduct and could not be alleged against Koehler.

In reply, Defendant asserts that "Plaintiffs have not and cannot present any evidence that Defendant's negligence 'does not derive from and is not dependent on the negligence' of its employee." Defendant Wiersema Charter Service, Inc.'s Reply to Plaintiff's Response to Defendant's Motion to Dismiss Counts II, IV, and V of Plaintiffs' Complaint ("Reply"), Doc. No. 37, p. 2 (citing McHaffie, 891 S.W.2d at 826). Likewise, Defendant claims that "Plaintiffs cannot present any evidence that Defendant's negligence 'does not derive from and is not dependent on the negligence' of its employees." (Reply, p. 3). Defendant's position in its Reply, however, is inapposite to the procedural posture of its Motion. On a Motion to Dismiss, this Court solely looks at the sufficiency of the pleadings, not whether Plaintiffs ultimately will be able to "present any evidence." Accordingly, if Defendant's only argument is that Plaintiffs lack evidence to support their negligent hiring and entrustment claims against Defendant, then the Court must deny Defendant's Motion.

This Court must address the allegations of Plaintiffs' Complaint to determine if it sufficiently alleges negligent hiring and entrustment claims under the strictures of McHaffie. Plaintiffs allege that Defendant failed properly to train Koehler and that he was operating the vehicle without the "required training and experience." (Compl., ¶ 42). Plaintiffs allege that "this behavior and conduct was reckless and intentional and shows a complete disregard for the safety of the motoring public." (Id.). Specifically, in Count II of their Complaint, Plaintiffs allege that for "Defendant's willful, wanton, reckless and intentional behavior, and for Defendant's complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendants [sic] and to deter others from similar conduct." (Compl., ¶ 61). In Count VI, Plaintiffs allege that Defendant had a duty to investigate Koehler's driving qualifications and failed to do so. (Compl., ¶¶ 75-76). Plaintiffs allege that Koehler was unqualified to operate a bus.

(Compl. ¶ 77). As a result of Defendant's failure to investigate Koehler, Defendant improperly entrusted to drive, resulting in damages to Plaintiffs. (Compl., ¶¶ 78-79).

The Court holds that, at this stage of the litigation, Plaintiffs sufficiently allege causes of action for negligent hiring and negligent entrustment against Defendant. In Counts II and IV, Plaintiffs do not allege simply that Defendant should be liable for the negligence of its driver, Koehler. Rather, Plaintiffs allege that Defendant's negligent actions could result in punitive damages. Plaintiffs allege that Defendant had reason to believe that Koehler lacked the proper training to operate Defendant's bus and that this lack of training was the proximate cause of the accident. Similarly, Plaintiffs allege that Defendant unreasonably failed to investigate Koehler's driving qualifications which was the proximate cause of the accident. This Court denies Defendant's Motion to Dismiss Counts II and IV because Plaintiffs sufficiently allege these counts under Missouri law.

**B.     Count V**

In Count V, Plaintiffs purport to allege an independent claim solely "For Aggravating Circumstances (Punitive Damages)." (Compl., ¶¶ 85-93). "There is no independent cause of action for punitive damages under either federal or Missouri law; punitive damages are a type of recovery available in some instances but not others." Reed v. Bd. of Trs. of Columbia College, No. 07-04155-CV-C-NKL, 2008 U.S. Dist. LEXIS 105167, at *41 (W.D. Mo. Dec. 31, 2008); Rhodes v. Haynes, No. 4:06CV1703, 2007 U.S. Dist. LEXIS 63563, at *9 (E.D. Mo. Aug. 28, 2007) ("punitive damages do not constitute a separate cause of action in Missouri"); Hurley v. Smithway Motor Express, No. 4:05cv901, 2006 U.S. Dist. LEXIS 76095, at *5 (E.D. Mo. Oct. 19, 2006) ("In Missouri, punitive damages do not and cannot exist as an independent cause of action; they are mere incidents to the cause of action and can never constitute the basis thereof."). Under Missouri law, a punitive damage claim "'must be brought in conjunction with a claim for actual damages.'"

Misischia v. St. John's Mercy Med. Ctr., 30 S.W.3d 848, 866 (Mo. Ct. App. 2000) (quoting (Klein v. General Electric Co., 728 S.W.2d 670, 671 (Mo. Ct. App. 1987)). Count V does not purport to allege any claim for actual damages, only a purported claim for punitive damages. Any supposedly independent cause of action included within the allegations of Count V is redundant of other causes of action in the Complaint. Accordingly, this Court dismisses Count V for failure to state a claim.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 7) is **GRANTED**, in part, and **DENIED**, in part, in accordance with the foregoing.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion to Dismiss Counts II and IV is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion to Dismiss Count V is **GRANTED** and Count V is **DISMISSED**.

Dated this 11th day of May, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE