UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES JACKSON and MITZI JACKSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV00027 JCH |
| ) | |
| WIERSEMA CHARTER SERVICE, INC., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Depositions or in the Alternative Motion to Extend Time for Depositions ("Motion to Compel"). (Doc. No. 56). In Plaintiffs' Motion to Compel, they seek for this Court to order the Defendant to produce its corporate representative on three (3) consecutive days, pursuant to three (3) Fed.R.Civ.P. 30(b)(6) deposition notices directed to Defendant's corporate representative. See Exhibits 1-3 to Plaintiffs' Motion to Compel, Doc Nos. 56-2, 56-3, 56-4. The deposition notices seek a corporate representative on the following topics: (1) aggravated damages, net worth and insurance policies, (2) driver Donald Koehler and (3) Defendant's company policies regarding driver safety, training and hiring. (Motion to Compel, ¶ 13). Plaintiffs note that the deposition topics are "lengthy and thorough" but do not explain why they have sent out three separate deposition notices.[1] Plaintiffs admit that Defendant is only producing one corporate representative. (Motion to Compel, ¶¶ 16-18, 30).

---

[1] Plaintiffs complain that Defendant has designated only one corporate representative "to limit what should be three separate depositions to just one so that they [sic] can enforce the 7-hour rule promulgated by Federal Rule of Civil Procedure 30." (Motion to Compel, ¶ 24). Plaintiffs, however, fail to acknowledge that, under their theory, a party could send multiple deposition notices solely to subvert the 7-hour time limit set by Fed.R.Civ.P. 30(d)(1).

Plaintiffs seek to have this Court order Defendant to produce its single corporate representative for three days because Plaintiffs have issued three deposition notices pursuant to Fed.R.Civ.P. 30(b)(6). Plaintiffs assert that they need additional time to complete Defendant's corporate representative's deposition because otherwise "the parties and the deponent" would be "rushed." (Motion to Compel, ¶ 28).

This Court grants Plaintiffs' Motion to Compel, in part. The Court compels Defendant to produce its corporate representative on June 8, 2009. The Court, however, does not believe that Plaintiffs are entitled to three days of depositions simply because they partitioned their topics for Defendant's corporate representative over the span of three deposition notices. If Plaintiffs are unable to complete Defendant's corporate representative's deposition within the time allotted under Fed.R.Civ.P. 30(d)(1), they may seek relief from the Court at that time.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Compel Depositions or in the Alternative Motion to Extend Time for Depositions (Doc. No. 56) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS HEREBY FURTHER ORDERED** that Defendant shall produce its corporate representative on June 8, 2009. Plaintiffs shall apply to the Court if they require additional time to complete Defendant's corporate representative deposition pursuant to Fed.R.Civ.P. 30.

Dated this 1st day of June, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE