UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES JACKSON and MITZI JACKSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV00027 JCH |
| ) | |
| WIERSEMA CHARTER SERVICE, INC., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Request for a Court Order Allowing Plaintiffs' [sic] to Obtain Defendant's Driver's Medical Records from the Veteran's Hospital with Good Cause Shown ("Motion"), filed May 15, 2009. (Doc. No. 49). Plaintiffs request that this Court order the disclosure of Donald Koehler's medical records from William S. Middleton Memorial Veterans Hospital ("VA Hospital").

Plaintiff James Jackson was involved in a motor vehicle accident with a commercial charter driven by Donald Koehler on March 24, 2006. (Motion, ¶ 1). Plaintiffs' counsel deposed Dr. Allison Benthal, who performed a medical examination of Koehler on December 8, 2003, to obtain his commercial driver's license (CDL). (Motion, ¶ 9). Plaintiffs' counsel requested that Dr. Benthal bring to the deposition all records she relied upon during the CDL examination of Koehler. (Motion, ¶ 10). Dr. Benthal testified that she reviewed and relied upon the VA Hospital records during the CDL examination of Koehler. (Motion, ¶¶ 11, 15-16). Dr. Benthal, however, was unable to bring or review the VA Hospital records because she is no longer employed by the VA Hospital and Koehler has not authorized the release of those records. (Motion, ¶ 14).

Defendant asserts that Koehler's records are protected from disclosure by the physician-patient privilege. (Defendant Wiersema Charter Service, Inc.'s Response in Opposition to Plaintiffs' Request for a Court Order Allowing Plaintiffs to Obtain Donald Koehler's Medical Records ("Response"), Doc. No. 55, ¶ 16). Defendant relies on Newton v. Kemna, 354 F.3d 776 (8th Cir. 2004), which held that the trial court's denial of the criminal defendant's access to the witness's medical records did not violate the confrontation clause under the Sixth Amendment. Id. at 781. The Newton court allowed the defendant to cross-examine the witness about her drug use, drinking, mental health and medications at the time of the incident but did not order the release of the witness's medical records. Id. at 780-81. The Eighth Circuit upheld the denial of the defendant to access the witness's medical records because the witness had asserted the physician-patient privilege and because the defendant had not demonstrated how obtaining the witness's psychiatric records would reflect on the witness's ability to "observe and remember." Id. at 781.

Initially, Dr. Benthal obtained these records as part of a CDL medical examination. Records pertaining to a CDL medical examination are not within the scope of the physician-patient privilege. State ex rel. Hayter v. Griffin, 785 S.W.2d 590, 596 (Mo. Ct. App. 1990). Because Dr. Benthal relied on the VA Hospital's medical records for her December 8, 2003 CDL medical examination, Koehler has the physician-patient privilege does not apply to those records.

Further, contrary to Newton, Plaintiffs have shown how the documents requested would reflect on the witness's ability to observe and remember. Dr. Benthal testified that she would not be able to testify regarding Koehler's medical history, which she considered during his CDL examination, without the assistance of his medical records. (Motion, ¶¶ 15-16). Thus, Dr. Benthal needs the VA Hospital records to testify regarding what she considered during Koehler's CDL medical examination.

Plaintiffs have provided evidence that they need the records considered by Dr. Benthal during her December 8, 2003 CDL medical examination. Pursuant to 5 U.S.C. §552a(b)(11),[1] this Court orders William S. Middleton Memorial Veterans Hospital to produce Koehler's complete medical history up to and including December 8, 2003. Plaintiffs have not provided any evidence that any other records after December 8, 2003 were relied upon for Koehler's CDL medical examinations.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Request for a Court Order Allowing Plaintiffs' [sic] to Obtain Defendant's Driver's Medical Records from the Veteran's Hospital with Good Cause Shown (Doc. No. 49) is **GRANTED**, in part.

**IT IS HEREBY FURTHER ORDERED** that William S. Middleton Memorial Veterans Hospital shall produce Koehler's complete medical history up to and including December 8, 2003 to Plaintiffs.

Dated this __1st__ day of June, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE

---

[1] 5 U.S.C. § 552a(b) provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be--(11) pursuant to the order of a court of competent jurisdiction."