UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES JACKSON and MITZI JACKSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV00027 JCH |
| ) | |
| WIERSEMA CHARTER SERVICE, INC., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Request for a Court Order Allowing Plaintiffs' [sic] to Obtain Defendant's Driver's Medical Records from the Central General Hospital, the Central General Hospital Family Practice Group, and William S. Middleton the Veteran's Hospital with Good Cause Shown ("Motion") (Doc. No. 67) and Plaintiffs' Third Motion to Amend Case Management Order (Doc. No. 69). Plaintiffs request that this Court order the disclosure of Donald Koehler's medical records from the Central General Hospital ("CGH") Medical Center and the CGH Family Practice Group from February 6, 2002 up until February 3, 2003, and Donald Koehler's medical records from the William S. Middleton Memorial Veteran's Hospital from December 8, 2003 up until and including December 5, 2005.

Plaintiff James Jackson was involved in a motor vehicle accident with a commercial charter driven by Donald Koehler on March 24, 2006. Plaintiffs' counsel deposed Dr. Angel Blazquez, who performed several medical examinations of Koehler. (Motion, ¶ 19). Dr. Blazquez conducted an examination on Koehler on February 3, 2003 for the purpose of a "Physical Examination and Certificate for Illinois School Bus Driver." (Motion, ¶ 14). Dr. Blazquez testified that he reviewed

and relied upon the CGH Medical Center and CGH Family Practice Group records during the February 3, 2003 examination of Koehler. (Motion, ¶¶ 18, 19, 23, 24).

Dr. Blazquez obtained Koehler's CGH Family Practice Group and CGH Medical Center medical records as part of "Physical Examination and Certificate for Illinois School Bus Driver." (Motion, ¶¶ 19, 23-24). Because Dr. Blazquez's February 3, 2003 exam was done for purposes of Koehler obtaining the bus driver certificate, the records Dr. Blazquez relied upon are not protected by the physician-patient privilege. "The physician-patient privilege extends only to information acquired by the physician for the purposes of prescribing and treatment." State ex rel. Hayter v. Griffin, 785 S.W.2d 590, 595 (Mo. Ct. App. 1990). The Court orders CGH Medical Center and CGH Family Practice Group to produce their records for Koehler from February 6, 2002 up to and including February 3, 2003, which were relied upon by Dr. Blazquez during his February 3, 2003 examination of Koehler.

Plaintiffs also seek Koehler's medical records from December 8, 2003 to December 5, 2005 from William S. Middleton Memorial Veteran's Hospital ("Veteran's Hospital"). Plaintiffs admit that the Veteran's Hospital did not perform Koehler's 2005 CDL medical examination. (Motion, ¶31). Plaintiffs also admit that the December 8, 2003 to December 5, 2005 Veteran's Hospital records were not reviewed pursuant to Koehler's CDL medical examination. (Motion, ¶ 31). Thus, unlike the other records that this Court has ordered disclosed, the Veteran's Hospital records were not reviewed as part of Koehler's 2005 CDL medical examination. Rather, the Veteran's Hospital's records were incident to Koehler's medical treatment at the Veteran's Hospital and were not utilized for obtaining Koehler's CDL license. This Court finds that Koehler's Veteran's Hospital medical records from

December 8, 2003 to December 5, 2005 are protected by Koehler's physician-patient privilege.[1] Plaintiffs' request for the Veteran's Hospital's records is denied.

Finally, Plaintiffs filed a third motion to amend the Case Management Order (Doc. No. 69). The Court grants Plaintiffs' Motion to Amend the Case Management Order.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Request for a Court Order Allowing Plaintiffs' [sic] to Obtain Defendant's Driver's Medical Records from the CGH Medical Center and CGH Family Practice Group with Good Cause Shown (Doc. No. 67) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS HEREBY FURTHER ORDERED** that CGH Medical Center and CGH Family Practice Group shall produce Koehler's medical records from February 6, 2002 up to and including February 3, 2003 to Plaintiffs.

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs' request for Koehler's medical records from William S. Middleton Memorial Veteran's Hospital is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs' Third Motion to Amend the Case Management Order (Doc. No. 69) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall disclose all expert witnesses and shall provide reports required by Fed.R.Civ.P. 26(a)(2), no later than **April 1, 2009**, and shall make expert witnesses available for deposition, and have depositions completed no later than **August 15, 2009**.

---

[1] Plaintiffs criticize Koehler's "hide the ball tactics" and "evasiveness" but Koehler is not a party to this action.

**IT IS FURTHER ORDERED** that Plaintiffs shall disclose and produce rebuttal expert(s) not later than **September 15, 2009** and produce their rebuttal experts for deposition no later than **October 15, 2009**.

**IT IS FURTHER ORDERED** that the parties shall complete **all** discovery in this matter no later than **October 15, 2009**.

**IT IS FURTHER ORDERED** that motions to compel shall be pursued in a diligent and timely manner, but in no event no later than **October 26, 2009**.

**IT IS FURTHER ORDERED** that any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or, if applicable, any motion to exclude testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) or Kuhmo Tire Co. Ltd. v. Carmichael, 526 U.S. 137 (1999), must be filed no later than **October 31, 2009**. Any response shall be filed no later than **November 15, 2009**. Any reply shall be filed no later than **December 1, 2009**.

**IT IS FURTHER ORDERED** that this matter is set for a **JURY** trial on **Monday, March 1, 2010** at **9:00 a.m.** in the courtroom of the undersigned.

Dated this 21st day of July, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE